UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL P. MCWILLIAMS,<br><br>      Plaintiff,<br><br>-against-<br><br>PAUL A. SANDY, in his official capacity as Chief of Police for the Cortland City Police Department; DAVID GUERRERA, in his official capacity as Deputy Chief of Police for Cortland City Police Department; CORTLAND CITY POLICE DEPARTMENT – CRIMINAL INVESTIGATION DIVISION; CORTLAND CITY POLICE DEPARTMENT,<br><br>      Defendants. | 23-CV-4651 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights and his rights under state law. Named as Defendants are Cortland City Police Chief Paul A. Sandy; Cortland City Police Deputy Chief David Guerrera; the Criminal Investigation Division of the Cortland City Police Department; and the Cortland City Police Department. Plaintiff provides Cortland, New York, addresses for all Defendants. For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

## DISCUSSION

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights in connection with a Cortland County Child Protective Services ("CPS") investigation into reports of child abuse and neglect made against him. He provides the Cortland City Police Department's address in Cortland, New York, for all Defendants.[1] Plaintiff alleges that the events giving rise to his claims occurred in Cortland County and Westchester County. Although Plaintiff moved to Westchester County at some point during the course of events described in the complaint, his claims arise from an investigation conducted by the Cortland County CPS, and it appears that the majority of the underlying events in which Defendants participated occurred in Cortland County. While Westchester County is located in this judicial District, *see* 28 U.S.C. § 112(b), Cortland County is located within the Northern District of New York, *see* 28 U.S.C. § 112(a). Even if the Court did assume that sufficient events or omissions occurred in both Cortland County and Westchester County and that venue is therefore proper under Section 1391(b)(2) in either this District or the Northern District of New York, because Defendants reside in Cortland County, venue is also proper under Section 1391(b)(1) in the Northern District of New York.

---

[1] Because Plaintiff sues Cortland City Police Chief Sandy and Deputy Chief Guerrera in their official capacities, they are considered residents of Cortland, New York, for venue purposes. *See De Ratafia v. Cnty. of Columbia*, No. 12-CV-5453 (LAP), 2013 WL 603128, at *4 (S.D.N.Y. Feb. 7, 2013) ("Where . . . public officials are sued in their official capacities, residence for venue purposes is where they perform their duties."); *LeGrand v. City of New York*, No. 09-CV-9670 (DLC), 2010 WL 742584 (S.D.N.Y. Mar. 3, 2010) ("[R]esidence for public officials for venue purposes is where they are employed.").

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. A substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Cortland County, where all Defendants appear to reside. Furthermore, because Plaintiff's claims arise from an investigation conducted by the Cortland County CPS and concern action by the Cortland City Police Department, it is reasonable to expect that relevant documents and witnesses would also be in Cortland County. The Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making

determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 9, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge